REED *v.* METROPOLITAN EL. RY. CO. *et al.*

(*Supreme Court, General Term, First Department.* March 31, 1892.)

ELEVATED RAILROADS—INJURY TO ABUTTERS—INJUNCTION.

In an action to restrain the operation of an elevated railroad in a street on which abutted property held by plaintiff in trust, an injunction was granted, with a proviso that it should not be operative, if defendants should pay a certain sum for a release by plaintiff of his legal rights in the easements in the premises affected by defendants' acts. The trustee's power of sale could be only exercised by the assent of certain life tenants. *Held,* that the judgment should be modified so that plaintiff should not only tender his deed of release, but also the assent and concurrence of such life tenants.

Appeal from judgment on report of a referee.

Action by Francis C. Reed, as trustee, etc., of Cynthia Bunce, against the Metropolitan Elevated Railroad Company and another for an injunction. From a judgment for plaintiff, defendants appeal. Modified.

The material part of the judgment is as follows:

"It is * * * adjudged and decreed that the defendants, their agents, successors, and assigns, shall be, and hereby are, perpetually enjoined and restrained from maintaining, or in any way using, the elevated railroad structure in front of plaintiff's premises, being No. 797 Sixth avenue, in the city of New York, and from operating trains of cars thereon, after the expiration of sixty days from the entry hereof, and service of a copy of this judgment upon defendants' attorneys. It is further ordered, adjudged, and decreed that in case the defendants shall, within sixty days after the service of a copy of this judgment, deliver to the plaintiff or his attorney the written offer to pay the plaintiff the sum of four thousand and five hundred dollars therefor, then, upon plaintiff's tender to defendants of a duly-executed conveyance or grant of all of the property and interests of the plaintiff in Sixth avenue, in front of No. 797 Sixth avenue, in the easement appurtenant to the premises described in the complaint that has been taken and appropriated by the defendants for the purposes of their said structure or railroad, with a release of the lien of all mortgages upon such property granted, and all other incumbrances thereon, and said defendants to pay said sum of four thousand and five hundred dollars to plaintiff therefor, with interest from the date of this judgment, on the delivery thereof, or if said plaintiff refuses or omits to accept said offer or to deliver said conveyance, duly executed as aforesaid, with such discharge or release, within said time, then, and in either of said

·events, the said injunction shall not be operative, so far as it affects the main-
tenance and operation of said structure and railroad at said locality, until
thirty days after the plaintiff may thereafter deliver, or tender for delivery,
said conveyance or grant and the release from the lien of the mortgages afore-
·said."

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Davies & Rapallo,* (*Arthur O. Townsend* and *Julien T. Davies,* of counsel,)
for appellants. *William H. Reed,* (*Allen Lee Smidt,* of counsel,) for respond-
·ent.

PER CURIAM. It appears from the trust deed through which the plaintiff
derives his title to the premises in question that only a limited power of sale
is conferred upon him, viz., that such power of sale shall be only exercised
with the assent and concurrence of certain life tenants named in such trust
·deed. Therefore, in order to give a complete title to the easements mentioned
in the complaint, it is necessary, not only that the trustees should convey,
but that the said life tenants should signify their assent and concurrence in
such conveyance, which might be done by joining therein. The judgment
should provide, therefore, that the compensation for fee damages should only
be paid upon the tender of a conveyance executed by the trustee, accompanied
by the consent and concurrence of such life tenants. All of the other ques-
tions involved have been passed upon in other actions determined by this
·court, and it is not necessary to discuss the same. We think, therefore, that
the judgment should be modified by requiring that, as a condition of the de-
·mand of payment of the amount found as the value of the easement forming
the subject-matter of this action, the plaintiff should not only tender his
deed, but also the assent and concurrence of the said life tenants to such con-
·veyance, and, as so modified, the judgment should be affirmed, without costs.